**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

| | |
|---|---|
| *Earl Ayers, et al.,* ) <br><br> ) <br> Plaintiffs, ) <br> ) <br> ) <br> v. ) <br> ) <br> *Ciox Health, LLC,* ) <br> ) <br> Defendant. ) <br> ) | **CIVIL ACTION No.:** _____ <br> (Removed from Montgomery County <br> Circuit Court, Case No.: <br> C-15-CV-23-003727) |

## DEFENDANT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Ciox Health, LLC ("Ciox" or "Defendant") hereby removes this action from the Montgomery County Circuit Court in the State of Maryland to the United States District Court for the District of Maryland, Southern Division, pursuant to 28 U.S.C. §§ 1441 and 1331, and 1446 and 1332(d) (the Class Action Fairness Act or "CAFA"). This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1331 because Plaintiffs' claims present a substantial federal question. Alternatively, this Court has original jurisdiction pursuant to CAFA because (1) minimal diversity exists, (2) the proposed class asserts an aggregate amount-in-controversy of $5,000,000 or more, and (3) the proposed class has at least 100 members. *See* 28 U.S.C. § 1332(d).

## BACKGROUND

1.     On October 3, 2023, Earl Ayers and Melissa Harmon ("Plaintiffs"), both adult individuals, commenced this action by filing a Class Action Complaint and Demand for Jury Trial (the "Original Complaint") with the Montgomery County Circuit Court. Plaintiffs alleged that Ciox violated Maryland's Confidentiality of Medical Records Act, Md. Code, Health-Gen. §§ 4-

301, *et seq.* ("CMRA") by improperly charging requestors of copies of medical records retrieval fees not authorized by the CMRA.  True and correct copies of the Summons, Complaint, and other documents filed previously in the state court proceeding are attached as Exhibit 1.

2.      On November 10, 2023, Ciox removed the Original Complaint to the District Court for the District of Maryland (Southern Division).  *Ayers v. Ciox Health, LLC*, No. 8:23-cv-03079-DLB (D. Md. Nov. 10, 2023), ECF No. 1.

3.      On December 7, 2023, Plaintiffs filed a motion to remand the case back to the Montgomery County Circuit Court.  *Ayers*, No. 8:23-cv-03079-DLB, ECF No. 10.

4.      On May 29, 2024, Plaintiffs' motion to remand was granted.  Although recognizing that courts consider as part of the amount in controversy determination "the value of equitable relief that would reduce future business revenue," the Court found that Ciox had not met the CAFA amount in controversy requirement because Ciox's proposed 12-year period for determining the lost revenue that would result from a declaratory judgment in Plaintiffs' favor was "arbitrarily long."  *Ayers*, No. 8:23-cv-03079-DLB, ECF No. 25 at 14–15.  The Court also found that Ciox had failed to establish the amount in controversy requirement for each plaintiff under traditional diversity jurisdiction.  *Id.* at 18.

5.      On July 12, 2024, Plaintiffs served Ciox with an Amended Complaint (the "Amended Complaint" or "Am. Compl.").  In the Amended Complaint, Plaintiffs now allege that the CMRA explicitly incorporates by reference the fee limitations set forth in the federal Privacy Rule, 45 C.F.R. § 164.524, and that the Privacy Rule precludes charging *any fee* for "searching for and retrieving" medical records, whether or not the search is successful.  Accordingly, Plaintiffs now contend that, notwithstanding the CMRA's express provision of fees "for medical record retrieval and preparation," Ciox violated the Privacy Rule—and thus the CMRA—when, in

response to records requests filed by Plaintiffs' counsel on Plaintiffs' behalf, Ciox charged the statutory $22.88 fee for searches that did not uncover responsive records. This embedded federal question and revised theory of liability—with its significantly expanded monetary impact on Ciox—were not included in the Original Complaint and so were not raised in Ciox's first removal motion. A true and correct copy of the Amended Complaint is attached as Exhibit 2.

6.    Plaintiffs purport to bring this action on behalf of themselves and on behalf of a proposed class consisting of "[a]ll persons who, during the time frame of this complaint, sought copies of Medical Records (PHI) from a Maryland health care provider, or had their Medical Records requested by some other person pursuant to their authorization, and were charged a Phony Basic Fee of any type by CIOX Health, LLC when no Medical records were provided." Am. Compl. ¶ 98.

7.    Based on these allegations, Plaintiffs seek a variety of relief, including compensatory damages both for the alleged overcharge and for alleged "emotional distress, mental anguish, and other damages," Am. Compl. ¶ 139, an award of reasonable attorneys' fees and litigation costs, and a declaratory judgment stating Defendants' conduct violates the CMRA for the reasons alleged in the Amended Complaint, *id*. ¶¶ 140–145. According to Ciox's investigation into this matter, this puts the amount in controversy well over $5,000,000.

8.    Plaintiffs' original complaint, filed in October 2023, alleged $2-3 million in collected overcharges, and, in the briefing on the motion to remand before this Court, Plaintiffs agreed that "the putative class's actual economic damages" put at issue "about $2,890,000." *Ayers v. CIOX Health, LLC*, 2024 WL 2783787, at *4 (D. Md. May 29, 2024). In the Amended Complaint, filed roughly nine months later, in July 2024, Plaintiffs add that the estimated $2–3 million at issue "increases on a daily basis because, upon information and belief, CIOX continues

to charge and collect the 'Phony Basic Fee.'" Am. Compl. ¶ 11. Accordingly, under Plaintiffs' own pleadings and admissions to this Court, there is undisputedly more than $2,890,000 in controversy. On top of that, Plaintiffs seek a declaration from this Court that the fee limits in 45 C.F.R § 164.524 apply to the requests at issue in this case—meaning requests made by a patient's attorneys pursuant to the patient's HIPAA authorization, which direct the records to be sent to the attorney (an "Attorney Request")—such that those limits are incorporated into the limits the CMRA applies to those requests. A ruling from this Court that the CMRA prohibits Ciox from charging *attorney requestors* more than 45 C.F.R § 164.524 permits charging for the requests by *individuals* that fall within the scope of § 164.524 would cost Ciox well over $2.1 million in lost revenue *in just the next nine months*. Declaration of Page Knott sworn July 26, 2024 ("Knott Decl.") ¶ 10.

9.      Accordingly, removal of this action to the United States District Court is proper both under 28 U.S.C. § 1331 because it raises a substantial federal question, and under 28 U.S.C. § 1441(a) and (b) because there is minimal diversity of citizenship between Plaintiffs and Ciox and the amount in controversy exceeds $5,000,000. The United States District Court would, therefore, have had original jurisdiction of this matter under 28 U.S.C. § 1332(d) had the action been brought in federal court originally.

## NOTICE TO PLAINTIFF

10.     Promptly after the filing of this Notice of Removal, Ciox will notify Plaintiffs and the Clerk of the Montgomery County Circuit Court in the State of Maryland that this case has been removed.

## VENUE

11.    Plaintiffs filed this action with the Montgomery County Circuit Court, which is located within the Southern Division of the District of Maryland.  Venue in this Court is proper pursuant to 28 U.S.C. § 1441(a) because it encompasses the county in which the state court action is pending.

## TIMELY REMOVAL

12.    On July 12, 2024, Plaintiff served the Amended Complaint on Ciox's counsel. Ex. 2.  This Notice of Removal is thus timely under 28 U.S.C. § 1446(b)(3) because 30 days have not elapsed since Ciox received the Amended Complaint.

## GROUNDS FOR REMOVAL

### I.    THIS COURT HAS JURISDICTION PURSUANT TO U.S.C. §§ 1441 AND 1331.

13.    Removal is proper pursuant to 28 U.S.C. §§ 1331 and 1441 because Plaintiffs' claims present a substantial federal question.

14.    The original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

15.    "[W]hether a case 'arises under' federal law for purposes of § 1331" is governed by the "well-pleaded complaint rule."  *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002).  The artful pleading doctrine, however, "permits a court to look behind a complaint to determine whether a plaintiff is attempting to conceal the federal nature of his claim by fraud or obfuscation."  *Hammonds v. Baltimore Cty. Bd. of Educ.*, 2012 WL 787478, at *2 (D. Md. Mar. 8, 2012); *see also id.* ("Artful pleading refers to the manner in which some plaintiffs manage to plead claims that are actually federal (because they are either completely preempted, or based entirely on substantial federal questions) under state law.").

5

16.     Even when state law supplies the plaintiff's causes of action, a complaint may raise a substantial question of federal law if "vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808–09 (1986) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9 (1983)); *see also Siantou v. DK Assocs., LLC*, 2023 WL 2071266, at *2 (D. Md. Feb. 16, 2023) ("Claims that are 'rooted in state law, then, may nevertheless 'arise under' federal law and fall within the scope of federal question jurisdiction . . . where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" (quoting *Old Dominion Elec. Coop. v. PJM Interconnection, LLC*, 24 F.4th 271, 279–280 (4th Cir. 2022))).

17.     Here, Plaintiffs' purported state law claims are premised on violations of duties created by 45 C.F.R. § 164.524(c)(4), a federal statute.  Am. Compl. ¶¶ 56–63, 102(l)–(m), 114. Specifically, Plaintiffs base their claim that Ciox violated the CMRA by charging fees when fulfilling requests to search for and prepare copies of medical records but where, after conducting the search, no records are found ("NRF Fees") on the allegation that the "Patient Rate" fee limitations contained in 45 C.F.R. § 164.524(c)(4) apply to Attorney Requests.  Am. Compl. ¶¶ 18, 21.  With that premise, Plaintiffs' position is that the NRF Fees at issue here are precluded by federal law under 45 C.F.R. § 164.524(c)(4) because governing guidance issued by the U.S. Department of Health and Human Services in 2016 provides that, where the Patient Rate fee limitations apply, "labor for copying does not include labor costs associated with . . . [s]earching for, retrieving, and otherwise preparing the responsive information for copying."  Am. Compl. ¶ 62; *see generally* Am. Compl. Ex. C.  In other words, Plaintiffs' claim is that, (a) the federal Patient Rate applies to Attorney Requests, (b) the CMRA thus incorporates the Patient Rate limits for the Attorney Requests at issue in this case, and (c) federal law—and thus the CMRA—precludes the

NRF charges that "this lawsuit is limited to the recovery of, and seeks only to challenge."  Am. Compl. ¶ 9.

18.      Given that both the United States District Court for the District of Columbia, and even HHS itself, have rejected the position that the Patient Rate applies to Attorney Requests such as the ones at issue in this case, *see generally Ciox Health, LLC v. Azar*, 435 F. Supp. 3d 30 (D.D.C. 2020),[1] a disputed and very substantial issue of federal law regarding whether 45 C.F.R. § 164.524(c)(4) applies to Attorney Requests is therefore embedded in the state law claim under the CMRA, and the exercise of federal jurisdiction to obtain uniformity is consistent with the sound division of labor between the state and federal courts.

## II.      THIS COURT HAS JURISDICTION PURSUANT TO CAFA.

### A.      At Least One Plaintiff Is a Citizen of a Different State Than at Least One Defendant.

19.      Plaintiffs are both citizens of the State of Maryland.  Am. Compl. ¶¶ 18, 21.

20.      Ciox is a limited liability company organized under the laws of Georgia with its principal place of business in Phoenix, Arizona.  Thus, under 28 U.S.C. § 1332(d)(10), Ciox is a citizen of the Georgia and Arizona.

21.      Ciox's members are Ciox Health Holdings, L.L.P., a limited liability partnership formed under the laws of Delaware with its principal place of business in Alpharetta, Georgia, and Ciox Health Intermediate Holdings, L.L.C., a limited liability corporation formed under the laws of Delaware with its principal place of business in Alpharetta, Georgia.  Ciox Health Holdings, L.L.P. and Ciox Health Intermediate Holdings, L.L.C. are each wholly owned subsidiaries of

---

[1]      Following the decision in *Azar*, HSS published a notice clarifying that "the fee limitation set forth at 45 C.F.R. § 164.524(c)(4) will apply only to an individual's request for access to their own records, and does not apply to an individual's request to transmit records to a third party."  *See* https://www.hhs.gov/hipaa/court-order-right-of-access/index.html.

Smart Holding Corp., a corporation organized under the laws of Delaware with its principal place of business in Alpharetta, Georgia.  Thus, even if 28 U.S.C. § 1332(d)(10) were inapplicable, Ciox would be a citizen of Delaware and Georgia.

    **B.**    **The Amount in Controversy Exceeds Five Million Dollars.**

    22.    The amount in controversy in this case exceeds $5,000,000, exclusive of interest and costs.

    23.    "To determine whether the jurisdictional minimum is satisfied, the [] court looks to the aggregated value of class members' claims." *Bartnikowski v. NVR, Inc.*, 307 F. App'x 730, 734 (4th Cir. 2009).  "The key inquiry in determining whether the amount-in-controversy requirement is met is not what the plaintiff will actually recover but 'an estimate of the amount that will be put at issue in the course of the litigation.'" *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 (4th Cir. 2017) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). "The United States Court of Appeals for the Fourth Circuit applies the 'either-viewpoint' rule in determining the value of the object of the litigation." *Void v. OneWest Bank*, 2011 WL 3240478, at *3 (D. Md. July 27, 2011).  "Under the "either-viewpoint" rule, the amount-in-controversy requirement is satisfied if either the gain to the plaintiff or the cost to the defendant is greater than $75,000." *Slumber Parties, Inc. v. Cooper*, 2012 WL 2915110, at *5 (D. Md. July 16, 2012); *see also Stevens v. U.S. Bank Nat'l Ass'n*, 2015 WL 5201578, at *2 (D. Md. Sept. 4, 2015).  Where the amount in controversy is challenged, courts must retain jurisdiction unless "it is a legal certainty that plaintiff's claims do not reach the required amount." *Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995); *see also Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1017 (4th Cir. 1981) (explaining that for the court to reject the proponent's assertion that the amount in controversy is met, "the legal impossibility of recovery must be so certain as virtually

to negative the plaintiff's good faith in asserting the claim") (quoting *McDonald v. Patton*, 240 F.2d 424, 426 (4th Cir. 1957)).

24.     Plaintiffs allege that they and the proposed class have incurred up to a total of $3,000,000 in actual losses as a result of Ciox's NRF Fees as of "the time [the] Complaint was initially filed," *i.e.*, as of October 3, 2023.  Am. Compl. ¶ 11.  Plaintiffs allege that this "amount increases on a daily basis." *Id.*  As of Ciox's first remand motion, Plaintiffs "agree[d] that there is about $2,890,000 at issue—the putative class's actual economic damages." *Ayers v. CIOX Health, LLC*, 2024 WL 2783787, at *4 (D. Md. May 29, 2024).  And in the roughly ten months since the original complaint was removed and the $2,890,000 amount was calculated, Ciox has charged a further approximately $269,000 in NRF fees, bringing the putative class's alleged actual economic damages to a total of approximately $3,159,000.  Knott Decl. ¶¶ 12–13.

25.     In addition to alleged actual losses, the value of Plaintiffs' requested declaratory judgment must also be included in the amount-in-controversy.  Plaintiffs seek a declaratory judgment that would prohibit Ciox from continuing to charge the disputed NRF Fees.  Am. Compl. ¶ 145.  Given Plaintiffs' allegations that requests made by Plaintiffs' attorneys for their use in pursuing litigation are subject to the Patient Rate fee limits in 45 C.F.R. § 164.524, Am. Compl. ¶¶ 18, 21, and that those limitations are in turn incorporated by reference into the CMRA, *id.* ¶¶ 56–63, the declaratory judgment sought by Plaintiffs would prohibit Ciox from charging more than the $6.50 "Patient Rate" set out in 45 C.F.R. § 164.524 or their actual labor costs in connection with Attorney Requests in Maryland, Am. Compl. Ex. C at 13–15.  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013); *see also JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010) ("[L]ike requests

for money damages, requests for injunctive relief must be valued in determining whether the plaintiff has alleged a sufficient amount in controversy."); *Clark v. DocuSign, Inc.*, 2023 WL 2330698, at *2 (D. Md. Mar. 2, 2023) ("In cases like this, where a plaintiff seeks only declaratory relief, the amount in controversy is measured by the value of the object of the litigation.") (internal quotation marks omitted).

26.     In determining the value of the litigation, Courts must consider "the potential pecuniary effect that a judgment would have on either party to the litigation." *Francis v. Allstate Ins. Co.*, 869 F. Supp. 2d 663, 668 (D. Md. 2012), *aff'd*, 709 F.3d 362 (4th Cir. 2013); *see also JTH Tax,* 624 F.3d at 639 (Courts "ascertain the value of an injunction for amount in controversy purposes by reference to the larger of two figures: the injunction's worth to the plaintiff or its cost to the defendant."); *Void v. One W. Bank*, 2012 WL 113443, at *1 (D. Md. Jan.12, 2012) (finding that the plaintiff's declaratory judgment claim satisfied that amount in controversy requirement because, if granted, it would prevent the defendant from both collecting a promissory note and foreclosing on a property worth well over the statutory threshold).   Here, Plaintiffs seek a declaratory judgment that Attorney Requests are subject to the federal Patient Rate, meaning that, going forward, Ciox presumptively may not charge more than $6.50 for any such request.  In 2023 alone, the difference between the amounts that Ciox has actually charged under the CMRA for Attorney Requests and the amount Ciox would be limited to charging if the federal Patient Rate governed those requests, is over $2,700,000, or, on average, more than $228,000 per month.  Knott Decl. ¶ 9.  And between January 1, 2024 through July 19, 2024, that difference already amounts to over $1,660,000, or, on average, over $250,000 per month.  *Id.* ¶ 10.  Accordingly, based on this years' sales, if Plaintiffs were to prevail on their claim that the federal Patient Rate applies to Attorney Requests, such that the CMRA incorporates the Patient Rate's prohibition on charging

fees for searches in response to the Attorney Requests made by Plaintiffs' lawyers, Ciox would suffer lost future charges of more than $2,000,000 within eight months. *See* Knott Decl. ¶¶ 6–10. Added to the over $3,159,000 in alleged actual economic damages, the amount in controversy exceeds CAFA's $5,000,000 threshold. As this Court observed in granting Plaintiffs' motion to remand their original complaint, while "[t]he few cases concerning the value of equitable relief that would reduce future business revenue have not answered the question of how many years of lost revenue a court should count," courts have been able to "dodge that question" where, for instance, "the value of even one year of lost revenue is sufficient to clear the amount in controversy bar. *Ayers,* 2024 WL 2783787, at *7; *see also JTH Tax*, 624 F.3d at 640 (finding amount-in-controversy met due to value of injunction and holding that "all that matters is that we cannot say *with legal certainty* that Liberty's injunction is worth less than the requisite amount."); *Wysong & Miles Co. v. Weller Machinery Co.*, 2002 WL 1602456, at *3 (M.D.N.C. June 5, 2002) (recognizing seeking a declaratory judgment "plac[es] in controversy Defendant's right to future profits" from the challenged conduct, and "[u]sing Defendant's past sales performances . . . as an indicator of its future profits, [to] find[] that Defendant has met its burden with regard to the amount in controversy").

27. On top of that, Plaintiffs' sought attorneys' fees must also be included in the amount-in-controversy calculation. In addition to alleged actual losses and the value of the declaratory judgment, the Amended Complaint also requests an "award of reasonable attorney's fees." Am. Compl. at Prayer for Relief. Maryland law provides for recovery of reasonable attorney's fees in connection with MCPA and MCDCA claims, *see* Md. Code, Com. Law § 13-408(b); *PNC Bank, N.A. v. Davis*, 631 F. Supp. 3d 253, 280 (D. Md. 2022); *Poole*, 2021 WL 2981807, at *3, as well as in declaratory judgment actions, *see Francis*, 709 F.3d at 368-69.

"[W]hen Maryland law permits recovery of attorneys' fees, '[p]otential attorneys' fees should be considered in determining whether the amount in controversy in a diversity action exceeds the jurisdictional threshold." *Id.* at 368. "When analyzing potential attorneys' fees, courts determine whether experience and common sense suggest that the Plaintiffs' attorneys' fees will reach an amount that satisfies the amount in controversy requirement when combined with other damages." *Poole v. Mazda Motor of Am., Inc.*, 2021 WL 2981807, at *3–4 (D. Md. July 15, 2021) (internal quotation marks omitted). This matter involves complex questions of statutory interpretation and will also require class certification. Here, Plaintiff's lead attorney, Mr. Gordon of Gordon, Wolf & Carney, Chtd., has represented in other recent cases that his hourly billing rate is $550 per hour. *See, e.g.*, Decl. of Benjamin H. Carney at 10, *Edge v. Stillman Law Office, LLC*, No. 8:21-cv-02813-TDC (D. Md. Mar. 30, 2023), ECF No. 74-4. The parties have already litigated this case significantly since the Original Complaint was served. Plaintiffs have contested Defendant's removal motion, amended their complaint, drafted discovery requests and various letters to the Maryland district court. If Plaintiffs oppose this removal motion, they will incur further costs associated with researching and briefing responses to Defendant's removal arguments. Ciox does not know precisely how many hours counsel for Plaintiff has *already* spent litigating this case—that information is peculiarly in the possession of opposing counsel themselves—or how many more hours they will dedicate to this case if it moves forward. But given the significant work already done, and "[t]he complexity of the case" if it proceeds, should the Court determine that a small gap exists between the amount in controversy established by Ciox and the CAFA jurisdictional threshold, the Court should use its "[e]xperience and common sense" to conclude that the above showing "is sufficient to establish that it is more likely than not that the attorney's

fees likely to be incurred by [Plaintiffs] in this [action] . . . will exceed the jurisdictional threshold." *Francis*, 709 F.3d at 368–369.

### C.    The Class Size Is in Excess of 100 Members

28.    Plaintiffs seek to represent "[a]ll persons" who are similarly situated.  Am. Compl. ¶ 17.  Although Plaintiffs do not estimate the number of class members in the Complaint, the wide scope of Plaintiffs' purported class makes it almost a certainty that the class size would exceed 100 members.  Indeed, Ciox's own investigation has revealed that there are well over 100 class members.  *See* Knott Decl. ¶¶ 9–11.  Therefore, the class size requirement for CAFA jurisdiction is met.

### D.    No Exception to CAFA Jurisdiction Applies

29.    The "local controversy" exception, 28 U.S.C. § 1332(d)(4)(A), does not apply to this case because during the three-year period preceding the filing of this action, other class actions asserting similar factual allegations have been alleged against Ciox.  *See* 28 U.S.C. § 1332(d)(4)(A)(ii).  As courts have recognized, a prior case asserts "the same or similar factual allegations" as the instant case when it asserts "the same basis of wrongdoing."  *Dutcher v. Matheson*, 840 F.3d 1183, 1190-91 (10th Cir. 2016); *see also Schutte v. Ciox Health, LLC*, 28 F.4th 850, 859 (7th Cir. 2022) ("[D]ifferences in the legal theories asserted do not place two complaints with similar factual allegations outside [CAFA]'s sweep").  The same basis of wrongdoing here has been recently asserted because a substantially similar case—*see Pugh v. Ciox Health, LLC*, No. 8:22-cv-00617-PX (D. Md.)—was brought by the same counsel, alleging *exactly the same* purported violations of Maryland law (among others) was recently removed to this Court under CAFA, before being dismissed.  *See* Complaint ¶ 7, *Pugh*, No. 8:22-cv-00617-PX (D. Md. Mar. 14, 2022), ECF No. 2 (alleging that "CIOX routinely charges a 'Basic Fee' of up to $22.88 to individuals when CIOX searches for an individual's Medical Records but ultimately determines

that the health care provider has no such records to retrieve or prepare"). In addition to *Pugh*, numerous putative class actions have been filed against Ciox within the three-year period alleging improper charges for medical record copies, including challenging the practice of charging electronic data archive fees, allegedly overcharging for electronically delivered copies of records, and charging improper retrieval fees. Such class actions have been filed in several states including at least Wisconsin, Montana, and in South Carolina. *See, e.g.*, *Thompson v. Ciox Health, LLC*, 2021 WL 4037478, at *1 (D.S.C. Sept. 3, 2021), *aff'd*, 52 F.4th 171 (4th Cir. 2022) (dismissing claims brought against Ciox for violation of the South Carolina Patient Records Act). Consequently, CAFA's "local controversy" exception does not apply to this action.

30. CAFA's "home-state controversy" exception, 28 U.S.C. § 1332(d)(4)(B), also does not apply to this case because, among other things, Ciox is the sole defendant in this action and is not a citizen of Maryland. *See* 28 U.S.C. § 1332(d)(4)(B) (requiring that "the primary defendants" all be "citizens of the State in which the action was originally filed."). Here, Ciox is a primary defendant because it is "the overwhelming focus of the complaint[] . . . and holder of the greatest potential liability to the greatest number of plaintiffs." *Gentry v. Hyundai Motor Am., Inc.*, 2017 WL 354251, at *11 (W.D. Va. Jan. 23, 2017), *aff'd in part, dismissed in part sub nom. Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278 (4th Cir. 2018). In fact, Ciox is the Amended Complaint's only named defendant. Because Ciox is not a citizen of Maryland, the "home-state controversy" exception is inapplicable in this case. *See Edoff v. T-Mobile Ne. LLC*, 2019 WL 1459046, at *3 (D. Md. Apr. 2, 2019) (denying motion for remand and rejecting the "home state exception" because "none of the defendants in this case are citizens of Maryland, the state in which the action was originally filed").

## <u>CONCLUSION</u>

31.     Removal of this action to the United States District Court is proper under both 28 U.S.C. §§ 1441 and 1331 and CAFA.  This Court has original jurisdiction under 28 U.S.C. §§ 1441 and 1331 because Plaintiffs' claims present a substantial federal question.  Alternatively, this Court has original jurisdiction pursuant to CAFA because (1) minimal diversity exists, (2) the proposed class asserts an aggregate amount-in-controversy of $5,000,000 or more, and (3) the proposed class has at least 100 members.


DATED:  July 29, 2024

*/s/ Jerrold A. Thrope*
Jerrold A. Thrope (D. Md. Bar No. 01376)
GORDON FEINBLATT LLC
1001 Fleet Street Suite 700
Baltimore, MD 21202
Telephone/Fax: 410-576-4295
jthrope@gfrlaw.com

Jay P. Lefkowitz, P.C. (*pro hac vice to be filed*)
Gilad Bendheim (*pro hac vice to be filed*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
lefkowitz@kirkland.com
gilad.bendheim@kirkland.com

*Attorneys for Defendants Ciox Health, LLC*
