| | | |
|---|---|---|
| EARL AYERS | * | IN THE |
| and | * | CIRCUIT COURT |
| MELISSA HARMON | * | FOR |
| On Their Own Behalf and on Behalf of All Others Similarly Situated, | * | MONTGOMERY COUNTY, MD. |
| | * | |
| Plaintiffs, | * | |
| v. | * | Case No.: C-15-CV-23-003727 |
| CIOX HEALTH, LLC | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**First Amended Class Action Complaint and Demand for Jury Trial**

Plaintiffs, Earl Ayers ("Mr. Ayers") and Melissa Harmon ("Ms. Harmon"), on their own behalf and on behalf of a class of similarly situated persons, by and through their attorneys Richard S. Gordon of GORDON, WOLF & CARNEY, CHTD. and Charles A. Gilman and Lauren M. Geisser of GILMAN & BEDIGIAN, LLC, sue Defendant CIOX Health, LLC ("CIOX" or "CIOX Health, LLC") and allege as follows:

<u>**Introduction**</u>

1.      This Class Action Complaint and Demand for Jury Trial (the "Complaint") challenges the predatory and illegal billing practices of CIOX, in violation of CIOX's statutory and common law obligations, when billing their patients for Medical Records under Maryland's Confidentiality of Medical Records Act, Md. Code, Health-Gen. ("H-G") §§ 4-301, *et seq.* ("Maryland's Confidentiality of Medical Records Act" or "Md. CMRA").

2.      CIOX is a specialized Medical Records provider that contracts with health care providers throughout the United States, including Maryland, to maintain, retrieve and prepare

individuals' personal health records, on the health care providers' behalf.  Nationally, CIOX fulfills over 50 million requests for health information annually.

3.     In Maryland, all costs associated with the retrieval and preparation of such Medical Records, whether by a health care provider or through a health care provider's agent, such as CIOX, are governed by Maryland's Confidentiality of Medical Records Act.  The Md. CMRA limits both the types of charges that may be imposed by health care providers and their agents, as well as the amounts of those charges when imposed.

4.     Under the Md. CMRA, a health care provider or its agent (such as CIOX) is limited to charging and collecting a "reasonable cost-based fee."  H-G § 4-304(c)(2)(ii).  And the "reasonable cost-based fee"  is expressly subject to the "fee limitations that apply to persons in interest under 45 C.F.R. 164.524 and any guidance on those limitations issued by the U.S. Department of Health and Human Services."  H-G § 4-304(c)(3)(ii)(1) & § 4-304(c)(3)(iii).

5.     45 C.F.R. 164.524 – which is known as "the HIPAA Privacy Rule" ("Privacy Rule") – does not permit health care providers and their agents (such as CIOX) to charge or collect fees for merely searching for medical records.  That is, the Privacy Rule limits the activities for which CIOX can charge and collect a fee – merely searching for the medical records is not among the circumstances.

6.     Thus, the  Md. CMRA in all respects, limits the charges a health care provider or its agent may charge persons in interest, to only situations where a Medical Record is produced. Further, the Act is specific as to what can be charged and collected.  The Md. CMRA, for example, limits the per-page charge by a health care provider or its agent for the copying of Medical Records (currently set by the Maryland General Assembly at "76 cents for each page of the medical record").  Md. Code, Health-Gen. § 4-304(c)(3)(i).  When the health care provider uses or maintains the requested medical records in an electronic format, and further produces the

medical records in an electronic format, this per-page charge is further limited to "75% of the per-page fee" (thus reducing the .76¢ to .57¢ per-page) and is capped at a specific dollar amount (currently $80). Md. Code, Health-Gen. § 4-304(c)(3)(iii)(2).

7.      In addition to these per-page fees, the Md. CMRA also limits any other fees that a health care provider or its agent may charge for a copy of medical records, and only permits a reasonable cost-based "preparation fee" not to exceed a capped amount (currently $22.88) – subject to the Privacy Rule and any guidance on its fee limitations issued by the U.S. Department of Health and Human Services' ("HHS") – for Medical Records or electronic format Medical Records "retrieval and preparation."  Md. Code, Health-Gen. § 4-304(c)(3)(ii)(1) and (iii)(1).

8.      In addition, CIOX also routinely and consistently includes "Junk Fees" that are unfair, abusive and deceptive.  For example, among the many Junk Fees that it tacks onto its invoices, CIOX routinely charges a "Basic Fee" of up to $22.88 to individuals when the provider is asked to produce Medical Records for an individual, but CIOX ultimately determines that the health care provider has no such records to retrieve or prepare (hereinafter the "Phony Basic Fee").

9.      Although CIOX charges many different types of Junk Fees, this lawsuit is limited to the recovery of, and seeks only to challenge the "Phony Basic Fee" (which, as noted, is as much as $22.88) – *i.e.*, the fee charged when a medical provider is asked to produce Medical Records for an individual but CIOX ultimately determines that the health care provider has no such records to retrieve or prepare.

10.      CIOX, as a large and sophisticated health care provider, which has operated in the state of Maryland for more than twenty (20) years, at all times knew or should have known that the Phony Basic Fee it charged to and collected from Named Plaintiffs and members of the Class, throughout the timeframe of this Complaint, is unlawful, excessive and impermissible.

3

11.     At the time that this Complaint was initially filed, it was expected that CIOX charged and collected $2-3 million in Phony Basic Fees. That amount increases on a daily basis because, upon information and belief, CIOX continues to charge and collect the "Phony Basic Fee."

12.     CIOX charged and collected the Phony Basic Fee as it was a standard charge it used on all invoices regardless of the state of the request, and it is not a fee exclusive to Maryland.

13.     In fact, CIOX charged and collected a Phony Basic Fee in nearly all 50 states of this country, at differing rates, despite all providers maintaining records in a near similar format, especially when it comes to electronic medical records.

14.     As such, the Phony Basic Fee bears no relation to the amount of time, labor, expense or cost that is actually required to search for a medical record.  CIOX's Phony Basic Fee is charged to individuals without regard to whether the Defendant produces one page or a thousand pages of PHI, further substantiating that CIOX's Phony Basic Fee does not reflect or correlate, in any way, to the reasonable costs of labor and/or otherwise incurred by CIOX in producing Named Plaintiffs' and the Class Medical Records.

15.     Complaints regarding CIOX's billing practices, either from patients or the attorneys who represent them, have not slowed down CIOX's illegal activities.  CIOX will not stop its unfair, abusive and deceptive billing practices until it is compelled to stop them by a court of law.

16.     CIOX massively profits from victimizing the individuals who have been improperly overcharged, enjoying its financial windfall and ill-gotten gains at the expense of vulnerable individuals.

17.     Accordingly, Named Plaintiffs bring this Complaint on behalf of all persons who, during the timeframe of this Complaint sought copies of Medical Records from a Maryland

health care provider, or had the records requested by some other Person pursuant to their authorization, and were charged a Phony Basic Fee by CIOX when there were no records produced.

## Parties

18.     Named Plaintiff Earl Ayers is a resident of Prince George's County, Maryland. On or about September 29, 2021, Mr. Ayers' attorneys and personal representatives requested Mr. Ayers' Medical Records from Southern Maryland Hospital Center in Clinton, Maryland ("SMHC") to be used in connection with Mr. Ayers' claims for personal injuries.

19.     On or about October 14, 2021, CIOX, an agent of SMHC, notified Mr. Ayers' attorneys that it was "unable to comply with [the] request" noting that no Medical Records were located for Mr. Ayers. Regardless, CIOX sent Mr. Ayers' attorney an Invoice, charging him a "Basic Fee" of $22.88, which was collected from Mr. Ayers' attorney (and reimbursed by Mr. Ayers).

20.     A copy of Mr. Ayers' CIOX Invoice is attached hereto as **Exhibit A**.

21.     Named Plaintiff Melissa Harmon is a resident of Baltimore County, Maryland. On or about September 7, 2021, Ms. Harmon's attorneys and personal representatives requested Ms. Harmon's Medical Records from Medstar Health Physicians ("Medstar") in Baltimore, Maryland to be used in connection with Ms. Harmon's claims for personal injuries.

22.     On or about September 15, 2021, CIOX, an agent of Medstar, notified Ms. Harmon's attorneys that it was "unable to comply with [the] request" noting that no Medical Records were located for Ms. Harmon.  Regardless, CIOX sent Ms. Harmon an Invoice, charging her a "Basic Fee" of $22.88, which was collected from Ms. Harmon's Attorneys (and reimbursed by Ms. Harmon).

23.     A copy of Ms. Harmon's CIOX Invoice is attached hereto as **Exhibit B**.

24.     In both instances, CIOX did not impose a reasonable, cost-based fee for the copying of protected health information on Ms. Harmon or Mr. Ayers, and rather, it imposed a Phony Basic Fee that served no purpose except to line the pockets of CIOX.

25.     In order to charge any fee, it must comply with the Md. CMRA, which incorporates 45 C.F.R. 164.524 and any related guidance issued by HHS.

26.     Defendant CIOX Health, LLC is a Georgia limited liability company doing business throughout the state of Maryland, including Montgomery County, as a foreign limited liability company.

27.     As a foreign limited liability company, CIOX assents to the laws of this state. Md. Code, Corp. and Assoc. § 4A-1010.

28.     CIOX was formerly known as HealthPort Incorporated and changed its name to CIOX Health, LLC in March 2016.  CIOX Health, LLC was created by the merger of HealthPort, IOD, Inc., Care Communications, Inc., and ECS.  The company was founded in 1976 and began conducting business in Maryland in 2001.

29.     CIOX is a specialized Medical Records provider that contracts with health care providers in all 50 states to retrieve and produce individuals' protected health information ("PHI") under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and relevant state privacy laws.

30.     CIOX provides Medical Records retrieval services for three out of five hospitals in the United States and more than 16,000 physician practices, handling more than 50 million Medical Records requests annually.

31.     During the timeframe of this Complaint, Defendant CIOX contracted with certain health care providers in Maryland − including but not limited to SMHC and Medstar − to retrieve and prepare Medical Records pursuant to patients' requests.

32.     For purposes of Maryland's Confidentiality of Medical Records Act, CIOX, at all times, was an agent of these, and many other, health care providers in Maryland.

## Jurisdiction And Venue

33.     This Court has subject matter jurisdiction over this case pursuant to Md. Code, Cts. & Jud. Proc. § 1-501.

34.     This Court has personal jurisdiction over Defendants under the long-arm statute of the state of Maryland, Md. Code, Cts. & Jud. Proc. § 6-103, and the United States Constitution, because Defendants conduct substantial business within the state of Maryland. Therefore, a substantial part of the events and/or omissions giving rise to the claims and Plaintiffs tortious injuries occurred within the state of Maryland.

35.     Venue is proper in this Court pursuant to Md. Code, Cts. & Jud. Proc. § 6-201 because CIOX carries on a regular business and habitually engages in vocation in Montgomery County, Maryland.

## Facts Applicable to All Counts

36.     This is an action against CIOX resulting from its predatory and unreasonable billing practices, which are not only unlawful under Maryland's Confidentiality of Medical Records Act, but also unfair, abusive and deceptive.

37.     All physicians, chiropractors, hospitals, dentists and other duly licensed practitioners in the state of Maryland (collectively "health care providers") are required by Maryland statute to furnish a copy of all Medical Records to the patient or the patient's representative upon request. *See* Md. Code, Health-Gen. § 4-304(a).

38.     Under the Md. CMRA, "Health care provider" is broadly defined and includes any "person who is licensed, certified, or otherwise authorized under the Health Occupations Article or § 13-516 of the Education Article to provide health care in the ordinary course of

business or practice of a profession or in an approved education or training program," as well as any facility – inpatient or outpatient – where health care is provided.  Md. Code, Health-Gen. § 4-301(h)(1).

39.     Health care provider also "includes the agents, employees, officers, and directors of a facility and the agents and employees of a health care provider."  Md. Code, Health-Gen. § 4-301(h)(2).

40.     Defendant CIOX is a Medical Records copying service which has contracts with a number of health care providers in the state of Maryland to maintain, copy and distribute, upon request, the Medical Records of patients and/or former patients of such health care providers.

41.     CIOX is required to comply with all provisions of the Md. CMRA because through its role of fulfilling Medical Records requests, CIOX acts as an agent of health care providers by processing the Medical Records requests on their behalf.

42.     Indeed, upon information and belief, all contracts between CIOX and health care providers in Maryland provide that CIOX agrees that the fees and charges invoiced and collected by CIOX in connection with the fulfillment of Medical Records requests shall be in compliance with state and federal laws (as incorporated expressly into the Md. CMRA).

43.     CIOX, under its business model, may only charge and collect state-authorized rates, such as those delineated in Maryland's Confidentiality of Medical Records Act, for all Medical Records requests from third parties, such as law firms seeking their client's Medical Records for purposes of legal representation.

44.     "Medical record" is defined by the Md. CMRA to include "any oral, written, or other transmission in any form or medium of information that:

(i)      Is entered in the record of a patient or recipient;

(ii)     Identifies or can readily be associated with the identity of a patient or recipient; and

(iii)    Relates to the health care of the patient or recipient."

Md. Code, Health-Gen. § 4-301(j)(1).

45.     "Medical record" also includes any documentation showing that a Medical Record was disclosed to any person who is not an employee, agent, or consultant of the health care provider.  Md. Code, Health-Gen. § 4-301(j)(2)(i).  It also includes any medical bills requested by an individual.  Md. Code, Health-Gen. § 4-304(c)(1)(i).

46.     Under the Md. CMRA, "Patient" is defined as "a person who receives health care and on whom a medical record is maintained."  Md. Code, Health-Gen. § 4-301(l).

47.     In Maryland, a health care provider, including but not limited to CIOX, is required to provide a copy of Medical Records "within a reasonable time" after a "Person in interest" requests such records "in writing."  Md. Code, Health-Gen. § 4-304(a)(1).

48.     A "Person in interest," under the Md. CMRA, is broadly defined to include, among others, an adult or minor "on whom a health care provider maintains a medical record" or their duly appointed representatives.  "Person in Interest" also includes any "attorney appointed in writing."  Md. Code, Health-Gen. § 4-301(m).

**Maryland Law Expressly Limits the Fees that Can be
Charged for Producing Medical Records**

49.     When a Person in Interest or any authorized person requests copies of Medical Records, health care providers "may require a person in interest or any other authorized person who requests a copy of a medical record to pay for the cost of copying."  Md. Code, Health-Gen. § 4-304(c)(2).

50.     Maryland's Confidentiality of Medical Records Act enumerates the specific fees and charges that can be imposed upon a person who requests Medical Records from a health

care provider.  And health care providers may only charge and collect "a reasonable cost-based fee for providing the information requested."  H-G § 4-304(c)(2)(ii).

51.     In particular, under H-G § 4-304(c)(3)(i) of the Md. CMRA, a health care provider such as CIOX, "may charge a fee for copying and mailing not exceeding" a specific dollar amount (currently "76 cents") for each page of the Medical Records.

52.     "***In addition to***" the per-page fee, a hospital or a health care provider may also charge:

> 1.     Subject to the fee limitations that apply to persons in interest under 45 C.F.R. 164.524 and any guidance on those limitations issued by the U.S. Department of Health and Human Services, a preparation fee not to exceed $22.88 for medical record retrieval and preparation; and
>
> 2.     The actual cost for postage and handling of the medical record.

Md. Code, Health-Gen. § 4-304(c)(3)(ii).

53.     When Medical Records are produced in an "electronic format," the health care provider is also permitted to charge certain fees for the Medical Records, but the fees are reduced and limited:

> (iii)     Subject to the fee limitations that apply to persons in interest under 45 C.F.R. 164.524 and any guidance on those limitations issued by the U.S. Department of Health and Human Services, a hospital or a health care provider that uses or maintains the requested medical records in an electronic format may charge for an electronic copy of a medical record in an electronic format requested by a person in interest or any other authorized person:
>
> > 1.     A preparation fee not to exceed $22.88 for electronic format medical records retrieval and preparation;
> >
> > 2.     A per-page fee of 75% of the per-page fee charged by a health care provider under subparagraph (i) of this paragraph that may not exceed $80; and
> >
> > 3.     The actual cost for postage and handling of the electronic format medical records.

Md. Code, Health-Gen. § 4-304(c)(3)(iii).

54.     Maryland's Confidentiality of Medical Records Act does not permit any fee to be charged or collected when the health care provider or its agent merely searches for Medical Records but determines that the health care provider has no such records to copy, retrieve or prepare.

55.     The Phony Basic Fee is not a reasonable cost-based fee.

**Federal Law, as Incorporated into the Md. CMRA**
**Prohibits Search Fees (Among Others)**

56.     All "reasonable cost-based fees" under the Md. CMRA, are subject to "the fee limitations that apply to persons in interest under 45 C.F.R. 164.524 and any guidance on those limitations issued by the U.S. Department of Health and Human Services."   Md. Code, Health-Gen. § 4-304(c)(3)(ii)(1) and § 4-304(c)(3)(iii).

57.     The "fee limitations" in 45 C.F.R. 164.524 – also known as the "Privacy Rule" – is part of the 2013 Omnibus Rule (a.k.a. the privacy Rule) that sets out, in relevant part, HHS's guidelines and limitations on fees that may be charged and collected by companies like CIOX when responding to requests for PHI. *See* Modifications to the HIPAA Privacy, Security, Enforcement, and Breach Notification Rules Under the [HITECH] Act and the Genetic Information Nondiscrimination Act; Other Modifications to the HIPAA Rules, 78 Fed. Reg. 5,566, 2013 WL 268904 (Jan. 25, 2013).

58.     45 C.F.R 164.524(c)(4) provides as follows:

(4) Fees. If the individual requests a copy of the protected health information or agrees to a summary or explanation of such information, **the covered entity may impose a reasonable, cost-based fee, provided that the fee includes only the cost of**:

(i) Labor for copying the protected health information requested by the individual, whether in paper or electronic form;

11

(ii) Supplies for creating the paper copy or electronic media if the individual requests that the electronic copy be provided on portable media;

(iii) Postage, when the individual has requested the copy, or the summary or explanation, be mailed; and

(iv) Preparing an explanation or summary of the protected health information, if agreed to by the individual as required by paragraph (c)(2)(iii) of this section.

59.     Three years after adopting the 2013 Omnibus Rule, HHS issued a guidance document in 2016 titled "Individuals' Right under HIPAA to Access their Health Information 45 C.F.R. § 164.524," a copy of which is attached hereto as **Exhibit C** (the "2016 Guidance.")

60.     The 2016 Guidance provided HHS's official guidance on the fee limitations of the Privacy Rule:

**Fees for Copies**

The Privacy Rule permits a covered entity to impose a reasonable, cost-based fee if the individual requests a copy of the PHI (or agrees to receive a summary or explanation of the information). The fee may include only the cost of: (1) labor for copying the PHI requested by the individual, whether in paper or electronic form; (2) supplies for creating the paper copy or electronic media (e.g., CD or USB drive) if the individual requests that the electronic copy be provided on portable media; (3) postage, when the individual requests that the copy, or the summary or explanation, be mailed; and (4) preparation of an explanation or summary of the PHI, if agreed to by the individual. See 45 CFR 164.524(c)(4). The fee may not include costs associated with verification; documentation; searching for and retrieving the PHI; maintaining systems; recouping capital for data access, storage, or infrastructure; or other costs not listed above **even if such costs are authorized by State law**.

2016 Guidance at 8 (emphasis in original).

61.     The 2016 Guidance also mandates that "Labor for copying the PHI requested by the individual, whether in paper or electronic form"

**does not include** costs associated with reviewing the request for access; or searching for and retrieving the PHI, which includes locating and reviewing the PHI in the medical or other record, and segregating or otherwise preparing the PHI that is responsive to the request for copying.

2016 Guidance at 11 (emphasis in original).

62.     The 2016 Guidance also is clear that companies such as CIOX **may not charge or collect** *any fee unless* PHI's are actually copied and produced, and then only for the additional costs incurred in making the copies and producing them.  Accordingly, "labor for copying **does not include** labor costs associated with:

- ■ Reviewing the request for access.
- ■ Searching for, retrieving, and otherwise preparing the responsive information for copying. This includes labor to locate the appropriate designated record sets about the individual, to review the records to identify the PHI that is responsive to the request and to ensure the information relates to the correct individual, and to segregate, collect, compile, and otherwise prepare the responsive information for copying."

2016 Guidance at 13 (emphasis in original).

63.     The unambiguous "fee limitation" set forth in the 2013 Privacy Rule and HHS's 2016 Guidance establish that CIOX's Phony Basic Fee – especially when no records are ever located, copied or produced – is uniformly and consistently impermissible and in violation of the Md. CMRA.

The Phony Basic Fee is not a reasonable cost-based fee under the Md. CMRA.

### CIOX Charges and Collects More than the Fees Permitted by Maryland Law

64.     Despite the express restrictions of Maryland law on the fees that CIOX and other health care providers can charge and collect for the copying, retrieval and preparation of Medical Records, CIOX routinely and consistently invoices and collects fees in excess of the amounts permitted.

65.     CIOX routinely and consistently charges to and collects from Persons in Interest a Phony Basic Fee of up to $22.88 when CIOX provides nothing to the person in interest that could possibly be viewed as response to a request for Medical Records.

66.     The Phony Basic Fee of up to $22.88 charged and collected in such a circumstance deceives or tends to deceive because no fee is authorized by Maryland law.  Indeed, the charging of a Phony Basic Fee, or any fee at all, is unfair, abusive or deceptive in such a circumstance and has caused loss and damage to those who paid the fee to CIOX in reliance upon the implicit suggestion that such a fee is legally permitted and authorized by the law.

67.     The Phony Basic Fees which are invoiced and collected as a matter of course by CIOX in Maryland, are unfair, abusive or deceptive and have caused loss and damage to those who have paid that fee to CIOX in reliance upon the implicit suggestion that such "Basic Fees" are legally permitted and authorized by the law, even when no medical records exist, or are prepared or retrieved.

68.     Although as noted above, CIOX charges many different types of Junk Fees, Plaintiffs reiterate that this lawsuit is limited to the recovery of, and seeks only to challenge the "Phony Basic Fee" (which, as noted, is as much as $22.88) – *i.e.*, the fee charged when a medical provider is asked to produce Medical Records for an individual but CIOX ultimately determines that the health care provider has no such records to retrieve or prepare.

69.     At all times relevant to this Complaint, CIOX, a company that has conducted business and operations in the state of Maryland for more than twenty (20) years, was fully aware of the requirements, limitations and nuances of the Md. CMRA with respect to requiring a Person in Interest or any other authorized person who requests a copy of Medical Records to pay the cost of copying the Medical Records and/or retrieval and preparation of the Medical Records.

70.     For years, CIOX has charged and collected the fees challenged in this Complaint from Named Plaintiffs and Class members when it knew or should have known that the fees were unlawful, excessive and impermissible.

71.     In this regard, CIOX is fully aware that it may not levy, impose, invoice, charge or collect a fee of any type from the members of the Class (*i.e.*, the Phony Basic Fee of up to $22.88) when CIOX searches for a person's Medical Records but determines that the health care provider has no such records to produce.

72.     As a result of CIOX's predatory and unlawful billing scheme, and the other acts, material omissions, affirmative misrepresentations and unfair, abusive and deceptive practices described herein, Named Plaintiffs and Class members were overcharged and paid significantly more to CIOX than the law permits.

**Facts Applicable to Named Plaintiffs**

A.      **EARL AYERS**

73.     On or about September 29, 2021, Mr. Ayers' attorneys and personal representatives requested Mr. Ayers' Medical Records and a complete copy of itemized bills from Southern Maryland Hospital Center to be used in connection with Mr. Ayers' claims for personal injuries.

74.     Mr. Ayers' attorneys were appointed in writing by him.

75.     Mr. Ayers was attempting to obtain his medical records primarily for personal, family or household purposes.

76.     On October 14, 2021, SMHC, by and through its agent CIOX, notified Mr. Ayers' attorneys, via a notice titled "Important Information Regarding Your Request for Medical Records" that it was "unable to comply with [the] request" because no Medical Records were located for Mr. Ayers. **Exhibit A**.

77.     Specifically, the October 14, 2021, notice advised Mr. Ayers and his attorneys that a search for Mr. Ayers in SMHC's records, yielded no results:

**No Dates of Treatment as Requested**
We show no treatment at this facility for the dates of service you requested "7/30/2021-PRESENT". Please review the request and authorization provided to update to include treatment dates in which the patient was seen and resubmit your request with the necessary information."

78.     Upon information and belief, any search of SMHC's records, if required at all, would have been conducted electronically.

79.     Upon information and belief, the determination that no medical records for Mr. Ayers existed would have required no more than a minute or two of CIOX's staff time, if that.

80.     Even though Defendant CIOX did not copy any Medical Records in response to Mr. Ayers' request for Medical Records, and neither retrieved nor prepared any records for production (either electronic or otherwise), on or about October 14, 2021, CIOX sent Mr. Ayers an invoice, charging him a "Basic Fee" of $22.88. *See* **Exhibit A**.

81.     The $22.88 "Basic Fee" charged by CIOX to Mr. Ayers – i.e., the Phony Basic Fee challenged in this lawsuit – is a Junk Fee that has no permissible legal basis. Moreover, the Phony  Basic Fee is not a reasonable cost-based fee because violates federal law which is incorporated into the Md. CMRA in that: no records responsive to the request were produced and any charge to search is impermissible; and the charge does not reflect the actual time, energy, resources, and effort spent by CIOX.

82.     Because of the unlawful and unauthorized charge that CIOX added to Mr. Ayers' invoice, CIOX demanded that Mr. Ayers through his attorney's pay CIOX a total of $22.88 "Net 30 days." *See* **Exhibit A**.

83.     Shortly thereafter, Mr. Ayers' attorneys, as Mr. Ayers' agent, paid the CIOX invoice in full.   Subsequently, Mr. Ayers reimbursed his attorneys pursuant to their written representation agreement.

16

84.     As a result of CIOX's unlawful and predatory actions in this case, Mr. Ayers paid CIOX a fee that is unlawful and impermissible under Maryland Law and thus suffered actual damages.

**B.     MELISSA HARMON**

85.     On or about September 7, 2021, Ms. Harmon's attorneys and personal representatives requested Ms. Harmon's Medical Records and a complete copy of itemized bills from Medstar Health Physicians , to be used in connection with Ms. Harmon's claims for personal injuries.

86.     Ms. Harmon was attempting to obtain his medical records primarily for personal, family or household purposes.

87.     Ms. Harmon's attorneys were appointed in writing by her.

88.     On September 15, 2021, Medstar, by and through its agent CIOX, notified Ms. Harmon's attorneys, via a notice titled "Important Information Regarding Your Request for Medical Records" that it was "unable to comply with [the] request" because no Medical Records were located for Ms. Harmon. **Exhibit B.**

89.     Specifically, the notice advised Ms. Harmon and her attorneys that a search for Ms. Harmon in Medstar's records, yielded no results:

> **No Dates of Treatment as Requested**
> We show no treatment at this facility for the dates of service you requested. Please review the request and authorization provided to update to include treatment dates in which the patient was seen and resubmit your request with the necessary information.

90.     Upon information and belief, any search of Medstar's records, if required at all, would have been conducted electronically.

91.     The determination that no medical records for Ms. Harmon existed would have required no more than a minute or two of CIOX's staff time, if that.

92.     Even though Defendant CIOX did not copy any Medical Records in response to Ms. Harmon's request for Medical Records, and neither retrieved nor prepared any records for production (either electronic or otherwise), on or about September 15, 2021, CIOX sent Ms. Harmon an invoice, charging her a "Basic Fee" of $22.88. *See* **Exhibit B**.

93.     The $22.88 "Basic Fee" charged by CIOX to Ms. Harmon – i.e., the Phony Basic Fee challenged in this lawsuit – is a "Junk Fee" that has no permissible legal basis. Moreover, the Phony  Basic Fee is not a reasonable cost-based fee because it violates federal law which is incorporated into the Md. CMRA in that: no records responsive to the request were produced and any charge to search is impermissible; and the charge does not reflect the actual time, energy, resources, and effort spent by CIOX.

94.     Because of the unlawful and unauthorized charges that CIOX added to Ms. Harmon's invoice, CIOX demanded that Ms. Harmon and her attorney's pay CIOX a total of $22.88 "Net 30 Days."

95.     Ms. Harmon and her attorney's paid the CIOX invoice in full on or about September 22, 2021. Subsequently, Ms. Harmon reimbursed his attorneys pursuant to their agreement.

96.     As a result of CIOX's unlawful and predatory actions in this case, Ms. Harmon paid CIOX a fee that is unlawful and impermissible under Maryland Law, and thus suffered actual damages.

18

C.    **CIOX HEALTH, LLC'S UNLAWFUL AND PREDATORY FEES ARE NOT LIMITED TO THE NAMED PLAINTIFFS**

97.    The facts and circumstances of Named Plaintiffs Earl Ayers and Melissa Harmon against Defendant CIOX are neither unique nor isolated. During the time frame of this Complaint, CIOX on its own behalf and on behalf of hundreds of health care providers throughout Maryland, has overcharged thousands of individuals, and forced them to pay CIOX's Phony Basic Fee as alleged and challenged by this Complaint.

**Class Action Allegations**

98.    Named Plaintiffs bring this action individually and as a class action on behalf of a class (the "Class") defined as follows:

> All persons who, during the time frame of this complaint, sought copies of Medical Records (PHI) from a Maryland health care provider, or had their Medical Records requested by some other person pursuant to their authorization, and were charged a Phony Basic Fee of any type by CIOX Health, LLC when no Medical records were provided.

99.    Excluded from the Class are those individuals who now are or ever have been CIOX Health, LLC executives and the spouses, parents, siblings and children of all such individuals.

100.    The Class, as defined above, is identifiable.  The Named Plaintiffs, Mr. Ayers and Ms. Harmon are members of the Plaintiff Class.

101.    The Class is so numerous that joinder of all members is impracticable.

102.    There are questions of law and fact which are not only common to the Class but which predominate over any questions affecting only individual class members.  The common and predominating questions include, but are not limited to:

(a)    Whether CIOX required Plaintiffs and Class members to pay a fee of any type, in violation of Maryland's Confidentiality of Medical Records Act, Md. Code,

Health-Gen. § 4-304, for searching for Medical Records when the health care provider or CIOX determined that no such records exist;

(b)      Whether CIOX is a "Health care provider" under Md. Code, Health-Gen. § 4-301;

(c)      Whether CIOX was permitted to charge and collect any fee for searching for Named Plaintiffs' and Class members' Medical Records;

(d)      Whether a health care provider in Maryland may charge a fee for the retrieval and preparation of Medical Records, including a "Basic Fee," when no such Medical Records exist;

(e)      Whether CIOX's charging and collecting of a fee of any type to Class members when no Medical Records exist is an unfair, abusive and deceptive trade practice that violates Maryland's Consumer Protection Act;

(f)      Whether CIOX charged the members of the Class more than the maximum amounts permitted in Maryland's Confidentiality of Medical Records Act, Md. Code, Health-Gen. § 4-304;

(g)      Whether CIOX's unlawful and excessive charges, as described in this Complaint, constitute and unfair, abusive or deceptive trade practice that violates Maryland's Consumer Protection Act, Md. Code, Com. Law §§ 13-101, *et seq.*;

(h)      Whether CIOX's unlawful and excessive charges, as described in this Complaint, violate Maryland's Consumer Debt Collection Practices Act, Md. Code, Com. Law §§ 14-201, *et seq.*;

(i)      Whether CIOX claimed, attempted or threatened to enforce a right to collect fees from the Named Plaintiff and Class members with knowledge that the right does not exist;

(j)      Whether the Court can declare that CIOX may not charge and/or collect a fee for the retrieval and preparation of Medical Records, when no such Medical Records exist; and,

(k)      Whether the Court can declare that CIOX may not charge and/or collect a fee from individuals for any fees not specifically enumerated in Maryland's Confidentiality of Medical Records Act;

(l)      Whether CIOX's Phony Basic Fee is permitted under 45 C.F.R. §164.524 and the Guidance of HHS on the Privacy Rule.

(m)      Whether CIOX's Phony Basic Fee is a reasonable cost based fee under 45 C.F.R. §164.524 and the Guidance of HHS on the Privacy Rule?

103.    The claims of Named Plaintiffs are typical of the claims of the respective members of the Class within the meaning of Md. Rule 2-231(b)(3) and are based on and arise out of similar facts constituting the wrongful conduct of Defendants.

104.    Named Plaintiffs will fairly and adequately protect the interests of the Plaintiff Class within the meaning of Md. Rule 2-231(b)(4).  Named Plaintiffs are committed to vigorously litigating this matter.  Further, Named Plaintiffs have secured counsel experienced in handling class actions and complex litigation.

105.    Neither Named Plaintiffs nor Plaintiffs' counsel have any interests that might cause them not to vigorously pursue these claims.

106.    The prosecution of separate actions by individual members of the Class would create a risk of establishing incompatible standards of conduct for Defendants within the meaning of Md. Rule 2-231(c)(1)(A).

107.     CIOX's actions are generally applicable to the respective Class as a whole, and Named Plaintiffs seek equitable remedies with respect to the Class as a whole within the meaning of Md. Rule 2-231(c)(2).

108.     Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy within the meaning of Md. Rule 2-231(c)(3).

109.     The likelihood that individual members of the Class will prosecute or defend separate actions is remote due to the time and expense necessary to conduct such litigation.

110.     Plaintiffs' counsel are experienced in class actions and foresee little difficulty in the management of this case as a class action.

### Causes Of Action

### Count I
### Violations of Maryland's Confidentiality of Medical Records Act
(Md. Code, Health-Gen. §§ 4-301, *et seq.*)

111.     Plaintiffs incorporate into this paragraph the foregoing paragraphs and all other Causes of Action of the Complaint.

112.     Named Plaintiffs and each Class member are "Person[s] in interest" within the meaning of Md. Code, Health-Gen. § 4-301(m).

113.     Defendant CIOX is a "Health care provider" within the meaning of Md. Code, Health-Gen. § 4-301(h).

114.     By knowingly charging and collecting from Named Plaintiffs and Class members the Phony Basic Fee that was not authorized by the  Maryland's Confidentiality of Medical Records Act, including but not limited to the "fee limitations" set forth in 45 C.F.R. §164.524,

and the Guidance of HHS on the Privacy Rule, as expressly incorporated into the Md. CMRA, CIOX has violated the Md. CMRA, Md. Code, Health-Gen. § 4-304(c).

115.    In particular, by knowingly charging and collecting a "Basic Fee" of up to $22.88 from Named Plaintiffs and Class members when CIOX searches for Medical Records when the health care provider has no such records to retrieve, prepare or produce, as alleged herein, CIOX has violated the Md. CMRA, Md. Code, Health-Gen. § 4-304(c).

116.    As a result of the Defendant's violations of Maryland's Confidentiality of Medical Records Act, as set forth above, Named Plaintiffs and the Class sustained losses and damages, including actual damages in an amount equal to their overpayments.

117.    In such circumstance, the Md. CMRA provides, in relevant part, that a "health care provider or any other person who knowingly violates any provision of this subtitle is liable for actual damages."  Md. Code, Health-Gen. § 4-309(f).

### <u>Count II</u>
### Violations of Maryland's Consumer Protection Act
(Md. Code, Com. Law §§ 13-101, *et seq.*)

118.    Plaintiffs incorporate into this paragraph the foregoing paragraphs and all other Causes of Action of the Complaint.

119.    Maryland's Consumer Protection Act ("MCPA"), Md. Code, Com. Law § 13-101, *et seq.*, prohibits any "person" from engaging in any unfair, abusive or deceptive trade practices, *inter alia*, in the collection of consumer debts.  Md. Code, Com. Law § 13-303(3) and (4).

120.    The Named Plaintiffs and Class members each utilized CIOX's medical records service primarily for personal, family or household purposes.

121.    CIOX's services are "consumer services" as that term is defined in the MCPA, Md. Code, Com. Law § 13-101(d)(1).

122.    CIOX's collection of fees from Named Plaintiffs and members of the Class constitutes collection of "consumer debts" as that term is used in the MCPA.  Md. Code, Com. Law § 13-101(d)(1).

123.    As a "person" under the MCPA, Md. Code, Com. Law § 13-101(h), CIOX is prohibited from engaging in unfair, abusive and deceptive trade practices.

124.    The MCPA specifically prohibits CIOX from making any false or misleading oral or written statement or other representation of any kind that has the capacity, tendency or effect of deceiving or misleading consumers.  Md. Code, Com. Law § 13-301(1).

125.    The MCPA further prohibits CIOX from failing to state a material fact if the failure deceives or tends to deceive.  Md. Code, Com. Law § 13-301(3).

126.    In violation of the MCPA, Md. Code, Com. Law §§ 13-303(3)-(4) and 13-301(1), CIOX represented to Named Plaintiffs and members of the Class that: (1) they were required to pay CIOX's "Basic Fee" for Medical Records – when no such records existing or were retrieved or prepared – in violation of Maryland's Confidentiality of Medical Records Act, as described above; and (2) the charges imposed and collected by CIOX were legal and consistent with the Md. CMRA.  By making these representations, CIOX engaged in misrepresentations and failures to state material facts, which deceived or tended to deceive and violated the aforesaid sections of the MCPA.

127.    CIOX's representations were false and misleading and tended to and did deceive Named Plaintiffs and members of the Plaintiff Class, all of whom made payments to CIOX that were not due or owing and were in excess of the amounts actually permitted under Maryland Law.  In violation of the MCPA, Md. Code, Com. Law §§ 13-303(3)-(4) and 13-301(3), the Defendant failed to disclose to Named Plaintiffs and members of the Plaintiff Class certain material facts, including the fact that the charges imposed by CIOX were unlawful, and that

CIOX had no right to charge for merely searching for the Medical Records. In addition, CIOX represented in writing to Named Plaintiffs and members of the Class that the charges imposed in connection with the search for Medical Records were legitimate.

128.     In addition, by charging and collecting unlawful, excessive and impermissible fees from Named Plaintiffs and Class members, with knowledge that the right to do so does not exist, CIOX's actions also violate the Maryland Consumer Debt Collection Act, Md. Code, Com. Law § 14-202(8), and, thus, constitutes an unfair, abusive or deceptive trade practice that is a per se violation of the MCPA. Md. Code, Com. Law § 13-301(14)(iii). *See also* Count III, below.

129.     These misrepresentations and failures to disclose material facts led Named Plaintiffs and members of the Class to make payments that were not due and that they would not have made had CIOX informed them of the material facts. CIOX committed unfair, abusive and deceptive practices by collecting and attempting to collect on alleged debts which, in fact, were not due, and this conduct constitutes unfair, abusive and deceptive trade practices in violation of the MCPA, Md. Code, Com. Law §§ 13-101, *et seq.*, including §§ 13-303(3)-(4) and 13-301(1) and (3).

130.     As a result of CIOX's unfair, abusive and deceptive trade practices in violation of the MCPA, Named Plaintiffs and members of the Plaintiff Class were told they owed money to CIOX they did not owe, and were induced and commanded by CIOX to make payments to CIOX on amounts that were not owed, causing Named Plaintiffs and members of the Class injury and loss.

## Count III
### Violations of the Maryland Consumer Debt Collection Act
Md. Code, Com. Law § 14-202(8)

131.     Plaintiffs incorporate into this paragraph the foregoing paragraphs and all other Causes of Action of the Complaint.

132.    CIOX is a "person" as defined by Maryland's Consumer Debt Collection Act ("MCDCA").  Md. Code, Com. Law § 14-201(d).

133.    CIOX is a debt "collector" as defined in Md. Code, Com. Law § 14-201(b) because, under the facts alleged herein, CIOX is collecting or attempting to collect an alleged debt arising out of a consumer transaction.

134.    The amounts charged to Named Plaintiffs and the Class, and collected by CIOX, as alleged herein, arise from "consumer transactions" as defined in Md. Code, Com. Law § 14-201(c).

135.    By charging and collecting from Named Plaintiffs and Class members fees that either were  entirely impermissible under Maryland's Confidentiality of Medical Records Act, as alleged herein, CIOX is claiming and enforcing a right with knowledge that the right does not exist as prohibited by Md. Code, Com. Law § 14-202(8).

136.    CIOX had both actual and constructive knowledge that the fees it charged and collected, as set out in this Complaint, were illegal, excessive and unlawful, and that it was not entitled to collect the debts from Named Plaintiffs and Class members.

137.    Despite knowledge that the fees it charged and collected, as set out in this Complaint, were illegal, excessive and unlawful, CIOX sent invoices to the Named Plaintiffs, Class members and their attorneys and used those invoices to enforce a right that does not exist to collect monies from Named Plaintiffs and the Plaintiff Class that it was not entitled to.

138.    Any monies paid by Plaintiffs and Class members that resulted from CIOX's unlawful fees constitute actual damages and must be repaid to Named Plaintiffs and Class members by CIOX pursuant to the MCDCA, Md. Code, Com. Law § 14-203.

139.    As a result of CIOX's failure to comply with the MCDCA, Named Plaintiffs and the Class suffered actual loss, emotional distress, mental anguish and other damages.

**Count IV**
**Maryland Declaratory Judgment Act**
Md. Code, Cts. & Jud. Proc. § 3-409

140.    Plaintiffs incorporate into this paragraph the foregoing paragraphs and all other Causes of Action of the Complaint.

141.    An actual controversy exists between Named Plaintiffs and the Class, on the one hand, and CIOX on the other.

142.    Antagonistic claims are present between Named Plaintiffs and the Class, on the one hand, and CIOX on the other which indicate imminent and inevitable litigation.

143.    Named Plaintiffs and the Class assert that CIOX's unlawful billing practices, predatory collections practices and charges and fees imposed on the Named Plaintiffs and the Class are illegal, unfair, abusive or deceptive and in conflict with the essential public policy of the state of Maryland.

144.    Named Plaintiffs and Class members also assert that the excessive and unlawful fees charged to and collected from Named Plaintiffs and Class members, must be returned to the members of the Class, together with prejudgment interest.

145.    A declaratory judgment that establishes that CIOX violated the requirements of Maryland's Confidentiality of Medical Records Act by overcharging Named Plaintiffs and the Class will alleviate all uncertainty in this proceeding.

**Prayer for Relief**

**WHEREFORE**, Named Plaintiffs demand, on behalf of themselves and the Class:

A.     An Order certifying this case as a Plaintiff Class action pursuant to MD. RULE . 2-231(c)(1), (2) and/or (3);

B.     Damages in an aggregated amount that exceeds $75,000[00];

C.    Actual damages but not damages for non-economic injuries, should any actually exist;

D.    A declaration that CIOX's predatory conduct and unlawful billing and collections practices alleged herein violate Maryland's Confidentiality of Medical Records Act, Md. Code, Health-Gen. §§ 4-301, *et seq.*;

E.    An award of reasonable attorney's fees and litigation costs to be determined; and,

F.    Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: July 12, 2024

Richard S. Gordon, AIS No. 8912180227
rgordon@GWCfirm.com
GORDON, WOLF & CARNEY, CHTD.
11350 McCormick Road
EP 1, Suite 1000
Hunt Valley, Maryland 21031
(410) 825-2300
(410) 825-0066 (facsimile)

Charles A. Gilman, AIS No. 0012120231
cgilman@gblegalteam.com
Lauren M. Geisser, AIS No. 0912150282
lgeisser@gblegalteam.com
GILMAN & BEDIGIAN, LLC
1954 Greenspring Drive
Suite 250
Timonium, MD 21093
(410) 560-4999
(410) 308-3116 (fax)

*Attorneys for the Named Plaintiffs and
the Putative Class*

By: _____
Richard S. Gordon

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury of all issues so triable.

_____

Richard S. Gordon

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 12th day of July, 2024, a copy of the foregoing

Plaintiffs' First Amended Complaint and Demand for Jury Trial, and comparison copy (Exhibit

1) (showing the changes from the original Complaint), were served via MDEC and email (per the

Parties' agreement) on the following counsel:

> Jerrold A. Thrope
> Gordon Feinblatt LLC
> 1001 Fleet Street Suite 700
> Baltimore, MD 21202
>
> Jay P. Lefkowitz, P.C. (pro hac vice to be filed)
> Gilad Bendheim (pro hac vice to be filed)
> Kirkland & Ellis LLP
> 601 Lexington Avenue
> New York, NY 10022

_____

Richard S. Gordon