**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

GILLIAN AYERS (AS PERSONAL REPRESENTATIVE OF THE ESTATE OF EARL AYERS) & MELISSA HARMON,

Individually and on behalf of all others similarly situated,

Plaintiffs,

v.

CIOX HEALTH, LLC,

Defendant.

Case No.: 24-cv-2208-ABA

**Order Preliminarily Approving Settlement, Certifying Class for Settlement Purposes, Appointing Class Counsel and Settlement Administrator, and Setting Schedule with Respect to Notice, Settlement Hearing and Administration**

After review and consideration of the proposed Settlement Agreement (the "Agreement") in this case relating to claims raised by the Plaintiffs, Gillian Ayers (as personal representative of the estate of Earl Ayers) ("Ayers"), Melissa Harmon ("Harmon"), Maia Bar Am ("Bar Am"), Ashley Hoggard ("Hoggard"), Charles Pugh ("Pugh"), Veronica Stewart ("Stewart") and Narvell Nines ("Nines") ("Representative Plaintiffs") against Defendant CIOX Health, LLC, now known as Datavant, LLC ("CIOX" or "Defendant"), and upon application of the parties with good cause appearing, THIS COURT FINDS and ORDERS as follows:

1. The terms of the Agreement, and the Settlement provided for therein, are preliminarily approved as fair, reasonable and adequate pursuant to *Fed.R.Civ.P.* 23(e)(1)(B), subject to further consideration thereof at the Settlement Hearing described at Paragraph 18 of this Order.

2. The definitions set forth in the Agreement are hereby incorporated by reference into this Order.

3. For purpose of this Settlement only and without prejudice to Defendant's right to contest class certification in the event that the proposed Settlement is not fully implemented, the Court hereby certifies the following class ("Settlement Class") in accordance with the Agreement, and pursuant to *Fed.R.Civ.P.* 23(a) & (b)(3) & (e)(1)(B), subject to further consideration thereof at the Settlement Hearing described at Paragraph 18 of this Order:

> All Individuals and Law Firms (which shall include solo practitioners) who, between October 1, 2016 and July 11, 2025, sought copies of Medical Records from a Maryland health care provider, or had their Medical Records requested by some other person pursuant to their authorization and were charged and paid (but, with respect to the Law Firms, not otherwise reimbursed):
>
> (1) a fee of any type by CIOX, after it was determined that no such Medical Records existed (the "No Records Found" or "NRF" Fee); or
>
> (2) fees for requests where Medical Records were retrieved, copied and produced but the amounts charged and collected were greater than the per-page rates or aggregate caps permitted by Health-Gen § 4-304(c)(3) (i) and (iii)(2), as adjusted annually in accordance with the Consumer Price Index; or
>
> (3) one or more of the following fees: Retrieval Fee, Sales Tax, Electronic Delivery Fee, Certification Fee.

Excluded from the Settlement Class are those individuals who now are or ever have been CIOX executives and the spouses, parents, siblings and children of all such individuals.

4. The Settlement Class also excludes all employees, officers and directors of CIOX and all employees of the Court.

5. **<u>Compliance with *Fed.R.Civ.P.* 23(e)(1)</u>**. Pursuant to the Agreement, the Joint Motion for Preliminary Approval, the documents attached thereto and argument therein, the Court further finds that all the requirements for class certification are met in this case for purposes of entering judgment on the proposed Agreement:

a. As represented in the Agreement that thousands of Persons (as defined in ¶ 24(g) of the Settlement Agreement) are Settlement Class members, and as CIOX has agreed to prepare and provide a Class List identifying Settlement

Class members, the Class is ascertainable and so numerous that joinder of all members is impracticable (*Fed.R.Civ.P.* 23(a)(1));

b. There are questions of law or fact common to the Settlement Class, including whether the Plaintiffs are correct in their principal contention that CIOX overbilled consumers and their representatives for copies of medical records in violation of the express provisions of Maryland's Confidentiality of Medical Records Act, Md. Code Ann., Health-Gen. §§ 4-301, *et seq*. ("CMRA"). That contention is capable of class-wide resolution because the determination of its truth or falsity will resolve an issue that is central to the validity of each one of the class members' claims in one stroke (*Fed.R.Civ.P.* 23(a)(2));

c. The claims of the Representative Plaintiffs are typical of the claims of the Settlement Class that Representative Plaintiffs seek to certify, as Representative Plaintiffs' claims center on the same facts and legal theories which are central to Settlement Class Members' claims (*Fed.R.Civ.P.* 23(a)(3)); and

d. Representative Plaintiffs and their counsel will protect the interests of the Settlement Class fairly and adequately, as no conflict of interest between the Representative Plaintiffs and the Settlement Class has been shown, and they have retained counsel experienced in class action litigation (*Fed.R.Civ.P.* 23(a)(4)).

6. The Court also finds, pursuant to the Agreement, that the prerequisites of *Fed.R.Civ.P.* 23(b)(3) are met:

a. This Court finds that this case may be maintained as a class action under *Fed.R.Civ.P.* 23(b)(3) because there are common over-riding legal claims held by all class members regarding whether CIOX overbilled consumers and Law Firms for copies of medical records in violation of the express provisions of Maryland's CMRA, as well as Maryland's Consumer Protection Act, Md. Code, Com. Law § 13-101, *et seq*., and Maryland's Consumer Debt Collection Act, Md. Code, Com. Law § 14-202(8).

b. The Court further finds that the pursuit of numerous individual cases, which would be essentially identical, would be a waste of judicial time and resources. In summary, common questions predominate over individualized questions and a class action suit is clearly the superior vehicle to efficiently adjudicate this lawsuit. Certification under *Fed.R.Civ.P.* 23(b)(3) is, therefore, appropriate.

c. The Court further finds that certification of the Class is superior to other available methods for the fair and efficient adjudication of this controversy, because in the absence of class certification, Settlement Class Members would as a practical matter face difficulty in seeking relief for the relatively small individual claims alleged in this lawsuit.

7. The Court finds that settlement class certification is appropriate after considering (A) the interest of members of the class in individually controlling the prosecution of separate actions, (B) the extent and nature of any litigation concerning the controversy already commenced by members of the class, (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum, and (D) the difficulties likely to be encountered in the management of a class action. In particular, the Court finds that individual class members do not have an interest in individually controlling the prosecution of separate actions, as such individual actions would be impractical; there is no other litigation concerning this controversy already pending by members of the class; and that the nature of this class certification as for settlement neutralizes any concerns about litigation in a particular forum, and the manageability of a contested class action.

8. For the purpose of this preliminary approval and all matters relating to the Settlement of this Action, until further order of the Court, Plaintiffs Ayers, Harmon, Bar Am, Hoggard, Pugh, Stewart, and Nines shall be the Representatives of the Class. The Court appoints the following lawyers as Class Counsel and finds that these counsel meet the requirements of *Fed.R.Civ.P.* 23(a)(4):

Richard S. Gordon
Benjamin H. Carney
GORDON, WOLF & CARNEY, CHTD.
11350 McCormick Rd.
Executive Plaza 1, Suite 1000
Hunt Valley, MD 21031

Charles A. Gilman
Lauren M. Geisser
GILMAN & BEDIGIAN, LLC
1954 Greenspring Drive, Suite 250
Timonium, MD 21093

Richard S. Gordon is appointed Lead Counsel for the Class.

9. Strategic Claims Services is hereby appointed to serve as Settlement Administrator.

10. The Parties and the Settlement Administrator are ordered to carry out the Notice plan described in the Agreement, and, as described in the Agreement, CIOX shall prepare and produce the Class Member List to the Settlement Administrator and Class Counsel within five (5) calendar days of the entry of this Order, if it has not already been produced. The Settlement Administrator shall disseminate the Phase I Notice to potential Class Members within fifteen (15) calendar days of this Order, by mailing (via U.S. Mail via first-class delivery) and/or emailing to all Law Firms on the Class Member List, a copy of the Postcard Notices in content substantially the same as set forth in the form attached to the Agreement as Exhibit D (to Law Firms).

11. At the conclusion of Phase I Notice, approximately eighty (80) days after the Phase I Notice date, the Settlement Administrator shall disseminate the Phase II Notice to potential Individual Class Members by mailing (via U.S. Mail via first-class delivery) and emailing to Individuals on the Class Member List, a copy of the Postcard Notices in content substantially the same as set forth in the form attached to the Agreement as Exhibit E (to Individuals).

12. Notice to potential Class Members in accordance with the provisions of the Agreement and this Order is hereby found to be: (a) the best Notice practicable under the

circumstances; (b) due and sufficient notice of this Order to all persons affected by and/or entitled to participate in the Settlement; and (c) in full compliance with the notice requirement of *Fed.R.Civ.P.* 23 and due process.

13. Any Class Member, whether noticed in Phase 1 or Phase 2, wishing to be excluded from the Class shall mail a request for exclusion ("Request for Exclusion" or "Opt-Out") to the Settlement Administrator, postmarked not later than forty-five (45) calendar days from the Notice Date. Such request shall set forth: the name, address, and telephone number of the Class Member, and contain the words "opt-out," "exclusion," or other words clearly indicating an intent not to participate in the Settlement. Requests for exclusion shall be deemed to have been made in each and every capacity in which the person requesting the exclusion is acting. Upon receipt, the Settlement Administrator shall immediately forward a copy of any Request for Exclusion to Class Counsel and to counsel for Defendants. Any Class Member who does not properly and timely request exclusion shall be included in the Class and shall be bound by any Final Judgment entered herein. The specific date and deadline for requesting exclusion by a Class Member shall be set forth in the Notice.

14. The Settlement Administrator shall be responsible for the receipt of all Requests for Exclusion and other written communications from Class Members and shall preserve all such communications until administration is complete or further order of the Court. All written communications received from Class Members and all written responses to inquiries by Class Members relating to the Agreement and Settlement shall be available at all reasonable times for inspection and copying by Class Counsel and Defendant, subject to further Order of the Court if issues of privilege or confidentiality arise. Notice to Class Members shall designate the Settlement Administrator as the person to whom Requests for Exclusion shall be sent.

15. In order to be deemed a Class Member entitled to participate in the Settlement as set forth in the Agreement, in the event that the Settlement is effected in accordance with all of the terms and conditions thereof, Class Members need to submit a

Claim Form in accordance with the terms of the Agreement and Notice and shall not opt-out of, or request exclusion from the Settlement.

16. All other events contemplated under the Agreement to occur after this Order and before the hearing described in paragraph 18 shall be governed by the Agreement to the extent not inconsistent with this Order.

17. Memoranda in support of the Settlement, petitions for attorneys' fees and reimbursement of expenses by Representative Plaintiff's counsel, and requests for any Representative Plaintiff's incentive awards shall be filed with the Clerk of the Court at least thirty (30) days before the hearing described in paragraph 18.

18. A hearing (the "Settlement Hearing") shall be held before the undersigned at 10:00 a.m. on March 23, 2027 in Courtroom 7D of the U.S. District Court for the District of Maryland, 101 W Lombard St, Baltimore, MD 21201 to consider the fairness, reasonableness and adequacy of the proposed Settlement, the entry of any final Order or Judgment in the case, petitions for attorneys' fees and for reimbursement of expenses by Representative Plaintiffs' counsel, and other related matters. This hearing may be postponed, adjourned or continued by Order of the Court without further notice to the Class.

19. Any Class Member who does not opt-out of the Settlement may appear at the Settlement Hearing in person or by counsel, if any appearance is filed and served as provided in the Class Notice, and will be heard to the extent allowed by the Court in support of, or in opposition to, the fairness, reasonableness and adequacy of the proposed Settlement, the entry of any final Order or Judgment in the case, petitions for attorneys' fees and for reimbursement of expenses by Representative Plaintiffs' counsel, or other related matters. Any Settlement Class Member who has not previously opted-out in accordance with the terms above may object by filing an objection in writing with the Clerk of Court no later than forty-five (45) days following the Notice Date. Any objection must include the following: (1) the Settlement Class Member's full name, address and current telephone number; (2) if the individual is represented by counsel, the name and

telephone number of counsel, if counsel intends to submit a request for fees and all factual and legal support for that request; (3) all objections and the basis for any such objections stated with specificity, including a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (4) the identity of any witnesses the objector may call to testify; (5) a listing of all exhibits the objector intends to introduce into evidence at the Final Approval Hearing, as well as true and correct of copies of such exhibits; and (6) a statement of whether the objector intends to appear at the Final Approval hearing, either with or without counsel. Any objection must be served on Class Counsel and counsel for Defendants at the time it is filed, at the following addresses:

<u>Class Counsel</u>

Richard S. Gordon
Gordon, Wolf & Carney, Chtd.
11350 McCormick Rd.
Executive Plaza 1, Suite 1000
Hunt Valley, MD 21031

<u>Defendant's Counsel</u>

Gilad Bendheim
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022

Any Settlement Class Member who fails to timely file and serve a written objection pursuant to this paragraph shall not be permitted to object to the approval of the settlement or this Agreement or an award of attorneys' fees or costs by Class Counsel or an incentive award to the Representative Plaintiff and shall be foreclosed from seeking any review of the settlement or the terms of the Agreement or an Order approving the Settlement by appeal or other means.

20. If the proposed Settlement is not implemented or if the Settlement is terminated for any reason whatsoever, the Settlement, and all proceedings in connection with the Agreement, including without limitation, all orders entered in connection with

the proposed Settlement shall be without prejudice to the rights of the settling parties, and all Orders issued pursuant to this proposed Settlement shall be vacated. In such an event, the Settlement and all negotiations, proceedings and statements made in connection with the proposed Settlement, including without limitation the Agreement, shall be null, void and without effect. No evidence relating to such negotiations, proceedings, documents, or statements shall be used in any manner or for any purpose in any subsequent proceedings in this Action, or in any other proceeding between the settling parties, and this Action shall revert to its status immediately prior to the execution of the Agreement, including but not limited to its status as a putative class action.

IT IS SO ORDERED.

Dated: October 5, 2026, 2026.

/s/

Adam B. Abelson
United States District Judge